**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VENOIL JOSEPH,

      Petitioner - Appellant,

vs.

GENE ATHERTON; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 99-1330
(D.C. No. 99-Z-1040)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

      Mr. Joseph, an inmate appearing pro se, seeks to appeal from the denial of his 28 U.S.C. § 2254 motion. He pled guilty in state court to charges of robbery, first degree sexual assault, and second degree kidnapping, for which he was sentenced to a total of sixty-four years in state custody. Mr. Joseph did not file a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

direct appeal, but challenged his sentence in two state post-conviction motions which were denied. The district court denied his § 2254 motion on the basis of procedural bar and denied a certificate of appealability. In this appeal, Mr. Joseph claims that: (1) the state district court lacked jurisdiction based on venue and (2) he was denied effective assistance of counsel, at both the trial level and on postconviction. We affirm.

Mr. Joseph alleges that the charging information was defective because it failed to demonstrate the proper jurisdictional grounds for venue. Although he did not raise this issue before entering his plea agreement, he now argues that venue lay in Arapahoe County rather than in the Denver district court. This argument is a challenge to state court jurisdiction and does not involve a federal question. Thus, it cannot be raised in a § 2254 habeas petition.

The claims of ineffective assistance of counsel are also predicated on the allegedly faulty information. Mr. Joseph claims that trial counsel was constitutionally ineffective for failing to object to the defective information. He also argues that appellate counsel on his first post-conviction motion was ineffective for failing to appeal the denial of his ineffective trial counsel claim. The Colorado Court of Appeals determined that Mr. Joseph could not show prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984), and no grounds under 28 U.S.C. § 2254(d) have been identified that would suggest a

different result in federal court.

We DENY the request for a certificate of appealability, GRANT the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge